UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NOVOTECH (AUSTRALIA) PTY LIMITED, an Australian proprietary limited company,<br><br>    Plaintiff,<br><br>  v.<br><br>SURECLINICAL INC., a Nevada corporation<br><br>    Defendant. | No. 2:22-CV-01259-JAM-AC<br><br>**ORDER GRANTING PLAINTIFF NOVOTECH'S MOTION TO AMEND THE COURT'S ORDER GRANTING DEFENDANT SURECLINICAL'S PRELIMINARY INJUNCTION AT ECF No. 30** |

The matter before the Court is Novotech (Australia) Pty Limited's ("Novotech") motion to clarify and/or amend the Court's order granting SureClinical Inc.'s ("SureClinical") motion for preliminary injunction. See Mot. to Clarify and/or Amend the Court's Order, ECF No. 40, Order, ECF No. 30. The Court does not require SureClinical to file a response brief to the instant motion. In response to the pleading, IT IS HEREBY ORDERED that:

    1.   The stay ordered by the Court in its December 5, 2022 order granting SureClinical's preliminary injunction is extended by thirty days. ECF No. 30. SureClinical may seek further

extensions of the stay if the need arises.

2. The parties are not required to enter into a non-disclosure agreement as a pre-condition to Novotech's production of documents to SureClinical's auditor, Miller Kaplan. Novotech may not use the lack of a non-disclosure agreement as an excuse to not produce the documents required by this Order.

3. Novotech is required to produce the documents identified in the July 14, 2022 letter from Miller Kaplan to Novotech, specifically items one through eleven, within thirty days of this amended order. Novotech's production should include, but is not limited to (1) the contracts between Novotech and the third-party users to whom Novotech granted access to SureClinical's platform and (2) the associated financial records related to the third-party usage of SureClinical's platform.

4. Novotech is required to fully cooperate with Miller Kaplan's follow-up requests for information, if any.

5. If Novotech cannot produce particular documents requested by Miller Kaplan by the end of the stay, it must provide a list of the documents at issue to SureClinical along with an explanation as to why the documents cannot be produced. If SureClinical believes that the lack of production is not in good faith, SureClinical is permitted to file a motion to compel production to the magistrate judge. The Court notes that Novotech has already had forty-five days to produce documents to Miller Kaplan.

6. The hearing calendared for February 28, 2023 is vacated.

7. SureClinical's Motion for Order to Show Cause at ECF

No. 33 is DENIED as moot.

     IT IS SO ORDERED.

Dated: January 19, 2023

_____
JOHN A. MENDEZ
SENIOR UNITED STATES DISTRICT JUDGE