UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NOVOTECH (Australia) PTY Limited,<br><br>Plaintiff,<br><br>v.<br><br>SURECLINICAL, INC.,<br><br>Defendant. | No. 2:22-cv-01259 JAM AC<br><br><br><br>ORDER |

Pending before the court is plaintiff's motion to compel. ECF No. 41. This discovery matter was referred to the undersigned pursuant to E.D. Cal. R. ("Local Rule") 302(c)(1). The parties assert that this is not a "discovery" motion because there has not been a Fed. R. Civ. P. 26(f) conference in this case and no discovery schedule has been entered. Plaintiff argues that the motion is brought in accordance with the Preliminary Injunction order at ECF Nos. 30 and 41. The order at ECF No. 41 states that "any disputes between the parties regarding discovery, including the production of documents ordered by this Court on January 20, 2023 (ECF No. 41), shall be submitted to the assigned Magistrate Judge." ECF No. 45 at 2; see also ECF No. 50 at 7. This instruction does not remove the instant motion from the realm of discovery; indeed, it was likely entered precisely because in this district, discovery matters are directed to the assigned magistrate judge. A motion to compel inspection of business records, such as this one, is a discovery motion that falls squarely under Fed. R. Civ. P. 34 and Local Rule 251.

1    Local Rule 251(b) requires that the parties meet and confer prior to filing a motion to
2    compel discovery.  The Standing Orders of the undersigned U.S. Magistrate Judge further provide
3    that "[w]ritten correspondence between the parties, including email, is insufficient to satisfy the
4    parties' meet and confer obligations under Local Rule 251(b).  Prior to the filing of a Joint
5    Statement, the parties must confer in person or via telephone or video conferencing in an attempt
6    to resolve the dispute."  See https://www.caed.uscourts.gov/caednew/assets/File/Judge Claire
7    Standing Orders (updated March 2023).pdf.

8    Plaintiff asserts that there is no meet and confer requirement in the undersigned's standing
9    orders.  ECF No. 50 at 7.  As indicated above, this is not true.  The undersigned reiterates here
10   that the parties must *meaningfully* and meet and confer *in person or via telephone or video*
11   *conferencing* before bringing a motion such as this one.  Because plaintiff, the moving party, did
12   not satisfy Local Rule 251(b)'s meet and confer requirement, the motion to compel discovery will
13   be denied without prejudice.  See e.g., U.S. v. Molen, 2012 WL 5940383, at *1 (E.D. Cal. Nov.
14   27, 2012) (where a party fails to comply with Local Rule 251, discovery motions are denied
15   without prejudice to re-filing).

16   Additionally, this motion was not submitted in the form of a joint statement as required by
17   Local Rule 251.  Should plaintiff choose to re-file this motion, it must be submitted in the form of
18   a joint statement, in full compliance with the Local Rules and the undersigned's standing orders.

19   For the reasons state above, IT IS HEREBY ORDERED that plaintiff's motion to compel,
20   ECF No. 47, is DENIED without prejudice.

21   IT IS SO ORDERED.

22   DATE: April 25, 2023

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE